IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| James Hughes, | ) | C/A No. 3:08-0429-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Mrs. Holly Scaturo, in her official and private capacity and South Carolina Department of Mental Health, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the defendants' motion for summary judgment. (Docket Entry 36.) The plaintiff, James Hughes ("Hughes"), has been involuntarily committed to the South Carolina Department of Mental Health. Proceeding *pro se*, he filed this action pursuant to 42 U.S.C. § 1983. By order filed August 15, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Hughes of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the defendants' motion. Hughes filed a response on September 23, 2008. This motion is now before the court for a Report and Recommendation.

**FACTUAL BACKGROUND**

The following facts appear to be undisputed. Hughes is civilly committed as a resident of the Sexually Violent Predator Treatment Program ("SVPTP") at the South Carolina Department of Mental Health in Columbia, South Carolina, which provides for the control, care, and treatment of individuals found to be sexually violent predators pursuant to the South Carolina Sexually Violent Predator Act. S.C. Code Ann. §§ 44-48-10 to -170 (as amended). In 2003, Hughes purchased dentures with funds from his South Carolina Department of Mental Health ("SCDMH") resident

funds account. In August of 2006, Hughes was transferred from the SVPTP to the Just Care facility and in September of 2006, Hughes was transferred back to the SVPTP. Following Hughes's return to the SVPTP, Hughes and the staff were unable to locate Hughes's dentures. To date, these dentures have not been located. In March of 2008, Defendant Scaturo approved replacement dentures for Hughes paid for by the SCDMH based on the determination that Hughes's dentures were not likely to be found and that the SCDMH staff was responsible for the loss.

## MOTION FOR SUMMARY JUDGMENT

**A.     Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further,

while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Discussion**

Hughes alleges that the defendants violated his constitutional rights by failing to provide him with dentures at no cost and in a timely manner. He further asserts that SCDMH provided dentures and other non-medically necessary items to other similarly situated individuals at no cost to the individuals. Hughes requests monetary damages, injunctive relief, and costs. The defendants assert that they are entitled to summary judgment because (1) they are entitled to Eleventh Amendment immunity; (2) they have not violated any of Hughes's constitutionally protected rights; (3) they are entitled to qualified immunity; and (4) Hughes's claims are moot.

**1.    Eleventh Amendment Immunity**

The defendants assert that defendant South Carolina Department of Mental Health and Defendant Scaturo in her official capacity are entitled to immunity under the Eleventh Amendment to the United States Constitution.[1] The Supreme Court has held that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this

---

[1] Defendant Scaturo is employed by SCDMH and since 2006 has held the position of Director of Forensic Evaluation and Treatment Services within the Division of Inpatient Services, SCDMH. (Scaturo Aff. ¶ 1, Docket Entry 36, Attachment 2.)

waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, as a state agency, the South Carolina Department of Mental Health is immune from suit under 42 U.S.C. § 1983.[2] Moreover, to the extent that Defendant Scaturo is sued in her official capacity, she is immune from suit, as she is treated as an "arm of the State" in this capacity. Will, 491 U.S. at 70. To the extent that she is sued in her individual capacity, she is potentially subject to suit. Accordingly, the court recommends that the motion for summary judgment on the ground of sovereign immunity be granted as to the South Carolina Department of Mental Health and Defendant Scaturo in her official capacity.

### 2. Fourteenth Amendment Claims

Hughes alleges that the defendants violated his constitutional rights by failing to provide him with dentures in a timely manner at no cost to him. The defendants contend that Hughes has failed to demonstrate that they did not meet the "professional judgment" standard under Youngberg v. Romeo, 457 U.S. 307 (1982), which sets forth the test for determining whether an involuntarily committed individual has been deprived of substantive due process rights. In response, Hughes appears to contend that he meets the professional judgment standard because he was prescribed dentures in 2003 by a professional and that Defendant Scaturo does not meet the requirement to qualify as a "professional." Further, the defendants argue that Hughes has not provided any proof to support an equal protection claim.

---

[2] Furthermore, to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; Monell v. Dep't of Social Servs., 436 U.S. 658, 690 & n.55 (1978) (noting that for purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). The South Carolina Department of Mental Health is not a "person" within the meaning of § 1983. See Manning v. S.C. Dep't of Highway & Pub. Transp., 914 F.2d 44, 48 (4th Cir. 1990).

### i. Due Process

"Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Hughes is civilly committed as a resident of the SVPTP rather than incarcerated as a result of a criminal conviction. Therefore, the court does not examine his claim under the Eighth Amendment's proscription against cruel and unusual punishment, but rather under the Fourteenth Amendment's requirement of due process. See Youngberg, 457 U.S. at 325 (determining that the Fourteenth Amendment was the appropriate source of constitutional rights for an individual involuntarily committed in a state institution).

"In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance 'the liberty of the individual' and 'the demands of an organized society.'" Id. at 320 (quoting Poe v. Ullman, 367 U.S. 497, 542 (1961) (Harlan, J., dissenting)). The Court explained that "the decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a *substantial departure* from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323 (citations omitted) (emphasis added). Moreover, the United States Court of Appeals for the Fourth Circuit has stated that "liability under the due process clause cannot be imposed for mere negligence, a principle reflected in the professional judgment standard's requirement of a substantial departure from accepted professional judgment." Patten v. Nichols, 274 F.3d 829, 842 (4th Cir. 2001).

The defendants argue that Hughes has failed to demonstrate that any treatment decision made by the defendants varied from accepted professional judgment, practice, or standards. In support of their motion, the defendants have submitted Hughes's medical records from August of 2006

(around the time of his transfer to Just Care) through June of 2008, showing that Hughes was examined by the SCDMH Dental Clinic on at least ten occasions for services ranging from follow-up exams to deep fillings to fittings for dentures. There is nothing in the records, nor has Hughes provided any evidence or documentation, indicating that his dentures were medically necessary. Accordingly, applying the professional judgment standard to the facts viewed in the light most favorable to Hughes, there is no evidence that the decision not to provide Hughes with replacement dentures until March of 2008 was "a substantial departure from accepted professional judgment." Patten, 274 F.3d at 842. Further, viewing the facts most favorably to Hughes, the record reflects that Hughes's dentures were lost by SCDMH and were later replaced at no cost. Hughes's dissatisfaction with his treatment alone is insufficient to support a claim of a constitutional violation.

### ii. Equal Protection

Hughes also asserts that he was treated differently from other civilly committed individuals. Hughes bases this argument on his allegation that several other civilly committed individuals have received dentures, eye glasses, or hearing aids free of charge.

A plaintiff alleging a violation of the Equal Protection Clause of the Fourteenth Amendment "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Once that is established, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id.

Hughes alleges that other residents of SVPTP have been provided with non-medical necessities, and therefore, the fact that he was not provided with them in 2003 free of charge violated his constitutional right to equal protection. However, Hughes has failed present sufficient evidence from which a reasonable jury could find that the other residents he refers to are in fact similarly

situated. While Hughes submitted several affidavits of other residents, none shows that these individuals were receiving "non-medical" necessities. In fact, one of the residents he references in his complaint received dentures free of charge following a determination that they *were medically necessary*. See Belding v. Gintoli, et al, C/A No. 3:04-cv-2416-JFA, 2006 WL 2707200 (D.S.C. Sept. 15, 2006). Moreover, even if there was evidence of disparate treatment, Hughes has offered no evidence tending to show that it was the "result of intentional or purposeful discrimination." Morrison, 239 F.3d at 654.

### 3. Other Claims

To the extent that Hughes asserts a claim that the defendants negligently misplaced his dentures, such a claim does not rise to a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"). Furthermore, the court observes that the defendants replaced his dentures in 2008.

Because the court finds that the defendants' actions did not rise to a constitutional violation, it need not address their claim of qualified immunity. Parrish v. Cleveland, 372 F.3d 294, 301-02 (4th Cir. 2004) (stating that once the court determines that no right has been violated, the inquiry ends there). Moreover, as the court has determined that the defendants are entitled to summary judgment, Hughes is not entitled to injunctive relief.

As the court recommends that summary judgment be granted on Hughes's § 1983 claim, to the extent that Hughes has any claims available under the South Carolina Tort Claims Act, S.C. Ann. § 15-78-10 et. seq., the court further recommends that supplemental jurisdiction should not be exercised over this state law claim. See 28 U.S.C. 1367(c).

**RECOMMENDATION**

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment (Docket Entry 36) be granted. It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's remaining state law claims, if any.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).